IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**THELMA MAGNO**,

        Plaintiff,

   v.

**U.S. BANK N.A., et al.**,

        Defendants.

No. 3:11-cv-00332-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This is a dispute over defendants' authority to conduct a nonjudicial foreclosure sale of plaintiff's residence. Although a nonjudicial foreclosure action was commenced, the sale never occurred. Defendants move [44] for summary judgment pursuant to Federal Rule of Civil Procedure 56. Primarily because the quiet title claim is moot and plaintiff has not met her burden of putting forth evidence of a loan modification agreement, I grant defendants' motion.

## BACKGROUND

    In June 2006, plaintiff borrowed $1,000,000 from Resmae Mortgage Corporation and signed a Deed of Trust, which was recorded. (Am. Compl. [28] ¶¶ 6, 14; Yoshida Decl. [46] Ex 1.) The Deed of Trust names Chicago Title Insurance Company as trustee, MERS as

1 – OPINION AND ORDER

beneficiary, and MERS as nominee for Resmae Mortgage Corporation. (Am. Compl. [28] ¶ 7; Answer [40] ¶ 7.)

In April 2009, plaintiff defaulted on the terms of her loan by failing to make her monthly mortgage payment of $7,498.42. (Yoshida Decl. [46] Ex. 3.) In August 2009, plaintiff began the application process for a loan modification through the Home Affordable Modification Program ("HAMP"). (Nauman Decl. [47] ¶ 3.) In September 2009, while her application was pending with JP Morgan Chase Bank ("Chase"), plaintiff began making monthly mortgage payments in the amount of $1,850.00. (Mem. [45] at 3.) In 2009 and 2010, the parties exchanged documents for Chase to assess plaintiff's eligibility for a loan modification through HAMP. (Nauman Decl. [47] ¶ 3, Ex. 1–2.) Eventually, Chase determined that plaintiff did not qualify for the HAMP program for several reasons, including the unpaid principal balance of the loan exceeded the program limit of $729,750.00. (Nauman Decl. [47] Ex 2.) Plaintiff has not made any payment on the loan since September 2010. (Nauman Decl. [47] ¶ 2.)

On September 26, 2010, MERS assigned and transferred the Deed of Trust to U.S. Bank, as trustee for JP Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3. (Am. Compl. [28] ¶ 8; Answer [40] ¶ 8.) The Assignment of Deed of Trust was recorded several days later. (Am. Compl. [28] ¶ 8; Answer [40] ¶ 8.) Also on September 26, 2010, U.S. Bank, through its trustee, Northwest Trustee Services, Inc., commenced a nonjudicial foreclosure action on plaintiff's property by sending a Trustee's Notice of Default and Election to Sell plaintiff's residence. (Notice of Default and Election to Sell [28-1]; Am. Compl. [28] ¶ 9; Answer [40] ¶9.) The Notice of Default was recorded on September 29, 2010, and the original sale date was set for February 2, 2011. (Am. Compl. [28] ¶ 9; Answer [40] ¶9.) The sale was later postponed until March 29, 2011, but never took place. (Am. Compl.

2 – OPINION AND ORDER

[28] at ¶ 9.; Mem. [45] at 3.)  The real estate is currently in plaintiff's possession, and no foreclosure sale is pending.  (Am. Compl. [28] ¶ 10; Answer [40] ¶ 9; Mem. [45] at 3.)

## DISCUSSION

### I.     Jurisdiction

I have jurisdiction under 28 U.S.C. § 1332.  Complete diversity arises because the action is between citizens of different states and the amount in controversy exceeds $75,000.

### II.    Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party.'" *Intel Corp. v. Hartford Accident & Indem. Co*., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)).  "A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hemenway v. Wells Fargo, N.A*., 2012 WL 512398, *2 (D. Or. Jan. 9, 2012) (citing *Hernandez v. Spacelabs Med., Inc*., 343 F.3d 1107, 1112 (9th Cir. 2003). Accordingly, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

3 – OPINION AND ORDER

The court must view the evidence in the light most favorable to the nonmoving party, as well as draw all reasonable inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986).

### III.     Analysis

Plaintiff's complaint includes four claims for relief: (1) quiet title; (2) breach of contract; (3) breach of the implied duty of good faith and fair dealing; and (4) promissory estoppel. Plaintiff's quiet title claim turns on defendants' ability to conduct a nonjudicial foreclosure and, alternatively, whether the claim is moot. Plaintiff's claims for breach of contract, breach of the implied duty of good faith and fair dealing, and promissory estoppel turn on a single allegation—that Chase orally agreed to modify plaintiff's loan by reducing the monthly payment from $7,498.42 to $1,850.00.

#### A.     *Quiet Title Claim*

After defendants initiated a nonjudicial foreclosure, plaintiff filed this action asserting that Or. Rev. Stat. § 105.605 allowed her to bring a quiet title claim in equity to establish her legal title to the residence, which remains in her possession. (Am. Compl. [28] ¶ 14.) Defendants argue plaintiff's quiet title claim is moot because the applicable statutory time for a nonjudicial foreclosure sale has elapsed, no nonjudicial foreclosure has taken place, and defendants have stipulated that no nonjudicial foreclosure will take place. (Mem. [45] at 5.) Plaintiff acknowledges that the nonjudicial foreclosure has been cancelled but argues that her quiet title claim should survive summary judgment because she has challenged the validity of the lien claimed by U.S. Bank. (Resp. [49] at 1, 3.)

### 1. The Merits of The Quiet Title Claim

Pursuant to Or. Rev. Stat. § 105.605, "[a]ny person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests or estates." For plaintiffs to prevail in a quiet title action, they "must prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants." *Coussens v. Stevens*, 200 Or. App. 165, 171, 113 P.3d 952, 955 (2005). The standard "require[s] that plaintiffs prevail on the strength of their own title as opposed to the weaknesses of defendants' title." *Id.*, 113 P.3d at 955; *see also Rigor v. Freemont Inv. and Loan*, 2012 WL 913631, *1 (D. Or. Feb. 13, 2012); *Longley v. Wells Fargo Bank, N.A.*, 2011 WL 1637334, *3 (D. Or. Mar. 29, 2011).

Defendants argue that plaintiff has failed to rely on the strength of her own title as opposed to the alleged weaknesses of defendants' title. (Mem. [45] at 6.) I agree. It is undisputed that plaintiff obtained a $1,000,000 loan from Resmae Mortgage Corporation in 2006, and later defaulted on the terms of the Promissory Note and Deed of Trust by failing to make her monthly mortgage payments. (Nauman Decl. [47] ¶ 2.) As of December 29, 2010, the unpaid balance on plaintiff's loan was $987,797.89. (Nauman Decl. [47] ¶ 4.) Plaintiff does not claim that she is ready, willing, and able to tender the full amount owed on the loan. *See Rigor*, 2012 WL 913631 at *1. Therefore, plaintiff does not rely on the strength of her own title; instead, she points only to the alleged weakness of defendants' title. That is not enough. Accordingly, I grant defendants' motion for summary judgment on plaintiff's quiet title claim.

### 2. The Quiet Title Claim Is Moot

Alternatively, defendants contend plaintiff's quiet title claim is moot as the nonjudicial foreclosure action that was commenced did not and will not occur.

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." *ACLU of Nev. v. Masto*, 670 F.3d 1046, 1061 (9th Cir. 2012) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy must continue through all stages of federal judicial proceedings." *Id.* at 1062. "If there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

Under Oregon law, a nonjudicial foreclosure sale may be postponed for no more than 180 days from the original sale date. Or. Rev. Stat. § 86.755(2). Accordingly, after 180 days have elapsed from the original sale date, the nonjudicial foreclosure may no longer proceed.

On September 26, 2010, U.S. Bank, through its trustee, Northwest Trustee Services, Inc., commenced a nonjudicial foreclosure action on plaintiff's property by sending a Trustee's Notice of Default and Election to Sell plaintiff's residence. (Notice of Default and Election to Sell [28-1].) The original sale date was February 2, 2011. (Notice of Default and Election to Sell [28-1].) The sale was later postponed until March 29, 2011, but never took place. (Am. Compl. [28] at ¶ 9.) Because more than 180 days have passed since the original sale date of February 2, 2011 and no foreclosure has taken place, this nonjudicial foreclosure sale is no longer possible. As additional assurance, defendants warrant that "they will proceed with a judicial foreclosure, and not a nonjudicial foreclosure, if they proceed with a foreclosure at all." (Mem. [45] at 5.) Plaintiff does not dispute that no nonjudicial foreclosure action is pending at this time.

Accordingly, there is no existing controversy, and the quiet title claim based on the September 2010 Notice of Default and Election to Sell is moot.

### 3. *Niday* Is Inapposite

While acknowledging the nonjudicial foreclosure has been cancelled, plaintiff argues "that defendant US Bank does not have a valid lien against plaintiff's property [] because MERS was not the original lender. . . and no recorded assignment has been found in the real property records transferring beneficial rights from Resmae to either US Bank or Chase." (Resp. [49] at 4.) This argument is based on *Niday v. GMAC Mortgage*, 251 Or. App. 278, 284 P.3d 1157 (2012). *Niday* is inapposite, however, as it "concerns only the requirements for *nonjudicial* foreclosure." *Id.* at 301, 284 P.3d at 1169. Here, no nonjudicial foreclosure has occurred, and no nonjudicial foreclosure is pending. If there were a live controversy regarding a nonjudicial foreclosure, plaintiff's argument might very well implicate the holding in *Niday*.[1] But that is not the case here.

### 4. Any Judicial Foreclosure Issue is Not Ripe

Plaintiff also seeks an order "[b]arring all defendants from . . . attempting a judicial foreclosure proceeding under 88.010." (Am. Compl. [28] at 8.) The parties have not made me aware of any judicial foreclosure proceedings related to this case. Therefore, this issue is not ripe, and I lack jurisdiction to make such a ruling.

---

[1] *But see Lee v. Bank of America, N.A.*, 2012 WL 5271946, *1 (D. Or. Oct. 23, 2012). The Oregon Supreme Court allowed a petition for review in *Niday*. *See Niday v. GMAC*, S060655. In addition, the Oregon Supreme Court accepted the questions certified by Chief Judge Ann Aiken of the District of Oregon seeking guidance as to unresolved state-law issues in four pending cases involving MERS. *See, e.g., Brandrup v. Recontrust Co., N.A.*, Case No. 3:11-cv-1390-JE (filed Apr. 2, 2012) (Certification Order).

7 – OPINION AND ORDER

B.  *Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Promissory Estoppel*

Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel all arise from a single allegation—that Chase orally agreed to modify plaintiff's loan by reducing the monthly payment from $7,498.42 to $1,850.00.  It is undisputed that in August 2009, plaintiff began the application process for a loan modification through HAMP.  (Nauman Decl. [47] ¶ 3.)  After beginning that process, plaintiff claims she was contacted by Chase employees.  These employees allegedly told her that Chase would accept the reduced payments and would not initiate foreclosure proceedings as long as the payments were current.  According to plaintiff, this conversation occurred in September 2009.  (Am. Compl. [28] ¶ 11.)  It is undisputed that for approximately one year, plaintiff made reduced payments.  Defendants contend that plaintiff's allegations of a modification agreement conflict with the weight of the evidence, however, including notices from Chase that it could accept or deny her modification application.  Indeed, the record shows that throughout 2009 and 2010, the parties communicated and exchanged documents to allow Chase to assess plaintiff's eligibility for a loan modification through HAMP.  (Nauman Decl. [47] Ex 1–2.)  Eventually Chase determined that plaintiff did not qualify for the HAMP program for several reasons, including plaintiff's loan exceeded the program limit of $729,750.00, and a nonjudicial foreclosure was commenced.  (Nauman Decl. [47] at 2; Notice of Default and Election to Sell [28-1].)

    1.  **No Evidence**

As a threshold matter, plaintiff has failed to provide any evidence of the oral agreement that serves as the basis of her claims for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel.  She does not submit a declaration; instead, she relies

8 – OPINION AND ORDER

entirely on the allegations in her complaint.  More than allegations in a complaint is needed to survive summary judgment when those allegations are challenged by evidence proffered by the moving party.  *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249.  Accordingly, I grant summary judgment to defendants on plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel.

### 2. No Private Right of Action

Even if I assume the oral agreement occurred as plaintiff alleges it did, plaintiff's claims for breach of contract and breach of the implied duty of good faith and fair dealing fail as a matter of law because HAMP does not authorize a private right of action against participating lenders.  *See e.g. Hemenway*, 2012 WL 512398 at *4–5; *Vida v. OneWest Bank, F.S.B.*, 2010 WL 5148473 at *3–4 (D. Or. Dec. 13, 2010) (collecting cases).  On this basis, courts have dismissed claims for breach of contract and breach of the implied duty of good faith and fair dealing when an alleged agreement to forbear or modify a loan was made "under the rubric of HAMP" and "was inextricably interwoven with the modification application being considered which implicates HAMP."  *Hemenway*, 2012 WL 512398 at *5.

Here, plaintiff alleges that in September 2009, Chase employees contacted her and told her that Chase would accept a reduced payment of $1,850.00 per month, and plaintiff agreed to pay it.  A significant problem for plaintiff is that this alleged oral agreement took place *after* she began the HAMP application process.  It is undisputed that she began that process in August 2009, and continued to correspond with Chase about her application for approximately one year, all while making the reduced payments.  Plaintiff presents no evidence that the alleged oral agreement occurred outside the context of her pending HAMP loan application.  Therefore, I conclude the alleged oral agreement occurred under the rubric of HAMP and was inextricably

interwoven with the modification application being considered. As HAMP does not authorize a private right of action against participating lenders, I grant summary judgment to defendants on plaintiff's claims for breach of contract and breach of the implied duty of good faith and fair dealing.

## CONCLUSION

Because there is no genuine dispute as to any material fact, and I find that defendants are entitled to judgment as a matter of law, I GRANT defendants' motion for summary judgment [44].

DATED this  16   day of April, 2013.

       /s/ Michael W. Mosman
      MICHAEL W. MOSMAN
      United States District Judge